IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL RAY VILLINES,

          Petitioner,

    v.

JOHN MYRICK, Superintendent,
Two Rivers Correctional Institution,

          Respondent.

Civil No. 2:14-cv-00700-BR

OPINION AND ORDER

NELL BROWN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

          Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1163 Court Street NE
Salem, OR  97301

          Attorneys for Respondent

 1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On January 31, 2006, a Marion County grand jury indicted Petitioner on eight charges, including one count of Kidnapping in the First Degree, two counts of Coercion, two counts of Assault in the Fourth Degree Constituting Domestic Violence, one count of Strangulation, one count of Harassment, and one count of Tampering with a witness. Resp. Exh. 102, p. 1. The case was tried to a jury, who found Petitioner guilty on all charges. Resp. Exh. 104, pp. 201-202.

Petitioner filed a direct appeal, assigning as error the trial court's denial of a motion for judgment of acquittal on the Kidnapping charge. Resp. Exh. 105. The Oregon Court of Appeals affirmed the trial court's judgment without opinion, and the Oregon Supreme Court denied review. *State v. Villines*, 224 Or. App. 687, 200 P.3d 181 (2008), *rev. denied*, 346 Or. 116, 205 P.3d 888 (2009).

Petitioner then sought state post-conviction relief ("PCR"), alleging claims of ineffective assistance of trial and appellate counsel, trial-court error, and prosecutorial misconduct. Resp.

2 - OPINION AND ORDER -

Exh. 110.   Following an evidentiary hearing, the PCR trial judge denied relief.  Resp. Exh. 132.

Petitioner appealed, submitting both a counseled brief and a *pro se* supplemental brief.  Resp. Exhs. 133, 134.  The Oregon Court of Appeals again affirmed without opinion and the Oregon Supreme Court denied review.  *Villines v. Nooth*, 258 Or. App. 907, 313 P.3d 1148, *rev. denied*, 354 Or. 597, 318 P.3d 749 (2013).

On April 28, 2014, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court.  The Court appointed counsel, who filed an Amended Petition for Writ of Habeas Corpus on Petitioner's behalf on November 26, 2014.   The Amended Petition alleges five grounds for relief:

> **Ground One:**   The trial court violated Petitioner's constitutional rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, when it denied the motion for judgment of acquittal because there was insufficient evidence to establish all of the necessary elements of Kidnapping.

> **Ground Two:**   The trial court violated Petitioner's constitutional rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, when it did not permit the public to attend Petitioner's trial.

> **Ground Three:**   Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed in the following particulars:

> A.   to perform effectively with regard to plea negotiations, including, but not limited to, failing to effectively advise Petitioner as to the applicable law, benefits of pleading guilty, and consequences of going to trial;

3 - OPINION AND ORDER -

B.    to perform effectively with regard to Petitioner's right to a public trial;

C.    to perform effectively with regard to the motion for a mistrial;

D.    to perform effectively with regard to the motion for judgment of acquittal; [and]

E.    to perform effectively with regard to sentencing, including but not limited to, failing to ensure that Petitioner's stipulation to aggravating factors and/or waiver of his *Blakely* rights was knowing, voluntary, and intelligent.

**Ground Four**: Petitioner was denied the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when appellate counsel failed to assign as error on appeal the denial of a motion for mistrial.

**Ground Five**: Petitioner was denied his constitutional right to a unanimous jury verdict under the Sixth and Fourteenth Amendments to the United States Constitution.

Respondent contends Petitioner procedurally defaulted the claims alleged in Grounds One, Two, and Five. In any event, Respondent argues, the claims alleged in Grounds One and Five fail on their merits. Respondent further argues Petitioner failed to meet his burden of proof on the claims alleged in sub-parts B, C, and D of Ground Three, as Petitioner did not address them in his brief in support. Finally, Respondent argues Petitioner is not entitled to relief on the remaining grounds because the state PCR court decisions denying relief on those grounds are entitled to deference.

## DISCUSSION

## I.  State Court Decisions Entitled to Deference

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is an "unreasonable" application of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Williams v. Taylor*, 529 U.S. 362, 407, 413 (2000). Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly. Instead, the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).

5 - OPINION AND ORDER -

## A.    Insufficient Evidence of Kidnapping - Ground One

In Ground One, Petitioner alleges the trial court violated his Fifth and Fourteenth Amendment due process rights in denying a motion for judgment of acquittal on the Kidnapping in the First Degree charge because there was insufficient evidence to establish all of the necessary elements of the crime.[1]

The Due Process Clause of the Fourteenth Amendment protects the "accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing the sufficiency of evidence to support a petitioner's state conviction, a federal habeas court must determine whether, after considering all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found each of the essential elements of the crime beyond

---

[1]As noted, Respondent contends Petitioner procedurally defaulted this claim. Respondent argues Petitioner did not raise this claim as a matter of constitutional error on direct appeal, but instead argued it strictly as a claim of state-law error. Respondent further argues that, in any event, Petitioner is not entitled to relief on the merits of his due process claim. Because the Court finds Petitioner is not entitled to relief on the merits of the due process claim alleged in Ground One, the Court need not address procedural default. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 778 n.10 (9th Cir. 2012) (exercising discretion afforded under § 2254(b)(2) to decline to address procedural default issue where relief denied on the merits), *cert. denied*, 133 S.Ct. 2766 (2013).

a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995). The court must look to state law to determine the elements of the crime and the appropriate definition or parameters of such elements. *Jackson*, 443 U.S. at 324.

Oregon law provides in pertinent part that a person commits the crime of Kidnaping in the First Degree if, with the intent to interfere substantially with another's personal liberty and without consent or legal authority, he takes a person from one place to another or secretly confines the person in a place where he is not likely to be found with the purpose to cause physical injury to the victim. Or. Rev. Stat. §§ 163.225 and 163.235(1)(c). In *State v. Wolleat*, 338 Or. 469, 474-5, 478, 111 P.3d 1131 (2005), the Oregon Supreme Court reviewed this law, its legislative history, and prior interpretive Oregon case law, and then drew the following conclusions: (1) "the legislature intended that there be no conviction of the defendant for the separate crime of kidnaping where the detention or asportation of the victim is merely incidental to the accomplishment of another crime;" (2) "the liberty interest that the statute protects from interference is the interest in freedom of movement and . . . in order for the interference to be substantial, a defendant must intend either to move the victim a substantial distance or to confine the victim for a substantial period of time;" and (3) "moving a victim from one

room to another while committing another crime does not constitute moving the victim a substantial distance." (Internal quotations omitted.)

In *Wolleat*, the defendant entered the victim's bedroom, pulled the victim by her hair out of bed and into the living room approximately 15 to 20 feet away, and repeatedly struck her there until the victim broke free and the defendant fled the scene. *Id.* at 471. The court held this evidence was insufficient to convict the defendant of Kidnaping. *Id.* at 478-79.

In *State v. Mejia*, 348 Or. 1, 12 (2010), the Oregon Supreme Court held the defendant's acts were sufficient to prove the defendant intended to interfere substantially with the victim's personal liberty, apart from the assaultive and menacing acts, and was thus guilty of kidnaping. There, during a 90-minute ordeal, the defendant pushed the victim from her open front door as she was leaving her home, moved her to a bedroom a distance of approximately 34 feet, took away her cell phone when she tried to call for help, held his hand over her mouth to stifle her screams, pointed a gun at her and threatened to kill her, smashed a comforter into her face making it difficult to breathe, and repeatedly choked her. *Id.* at 3-5. In *Mejia*, the Oregon Supreme Court explained the *Wolleat* decision as follows:

> *Wolleat* and [*State v. Zweigart*, 344 Or. 619, 188 P.3d 242 (2008)] involved situations in which the actual physical movement of the victim was the only evidence available to prove whether the defendants intended to kidnap the

8 - OPINION AND ORDER -

> victims by substantially interfering with their personal liberty. Those cases demonstrate that, when the only evidence of a defendant's intent is physical movement of the victim, a reasonable juror may only infer intent to interfere substantially with a victim's freedom of movement if there is "evidence that the defendant moved the victim a substantial distance." *Zweigart*, 344 Or. at 636 (emphasis added).

*Mejia*, 348 Or. at 10.

The Oregon Court of Appeals came to the same conclusion and affirmed the kidnaping conviction in *State v. Nguyen*, 221 Or. App. 440, 190 P.3d 462 (Or. App. 2008), *modified on other grounds on reconsideration*, 228 Or. App. 241, 206 P.3d 1219 (Or. App. 2009), *rev. denied*, 348 Or. 669, 237 P.3d 824 (2010). In *Nguyen*, the defendant surprised the victim in her bedroom and held her at gunpoint, told her to be quiet, ordered her to move against the wall, ordered her to move about six feet to the bed, ordered her to lie face down, handcuffed her behind her back, gagged her mouth, moved her to the floor, bound her ankles, covered her head with a shirt, and left her in the bedroom while he searched the house for money. *Id.* at 442.

Here, the victim was Petitioner's live-in girlfriend and the mother of his infant son. One night in October 2005, two of Petitioner's friends were visiting the apartment Petitioner and the victim shared. When one of Petitioner's friend began to light a cigarette the victim asked him not to smoke in the presence of the baby. Petitioner became angry, and told the victim she

disrespected him by ordering his friend around. The victim then grabbed her keys and walked out of the apartment.

The evidence adduced at trial showed Petitioner followed the victim outside, grabbed her by the hair, shoved her against a wall, and choked her. Resp. Exh. 105, p. 3-4. As he did so, Petitioner yelled at the victim and demanded to know where she was going. Resp. Exh. 105, p. 3. When the victim told Petitioner she was going to the landlord's office to call the police, Petitioner told her she was not going to call the police on him. He next slammed the victim against her car. Resp. Exh. 103, Trial Tr., Vol. I, P. 33). Petitioner then dragged the victim back into their home by the hair, over a distance of about 20 feet. Id., pp. 33-34; Resp. Exh. 105, p. 4.

Once back inside the home in the kitchen, Petitioner ordered the victim to go back in the bedroom. When she refused, he grabbed her by the hair and slammed her against the counter top. Petitioner's friend came into the kitchen and asked Petitioner to stop. Petitioner then dragged the victim down the hallway by her hair from the kitchen into the bedroom.

In the bedroom, Petitioner threw the victim on the bed, and began choking her. The friend came into the bedroom and again told Petitioner to stop. Petitioner got off the victim, and she apologized to him for whatever she had done. Petitioner told her that if she disrespected him again it was going to get worse, and

10 - OPINION AND ORDER -

that if she called the police he would harm her and the baby. The victim did not call the police then, but she did so several weeks later after another incident in which Petitioner assaulted her.

Petitioner argues there was insufficient evidence to establish the intent element of first-degree kidnapping because the movement of the victim here was merely incidental to the ongoing assault, and, thus, did not permit a rational finder of fact to find or infer that Petitioner had the intent to substantially interfere with the victim's liberty. In particular, Petitioner asserts the movement of the victim here was so minimal that no reasonable juror could find Petitioner had the statutorily required intent to abduct the victim.

Petitioner's argument is without merit. The evidence presented is such that a rational trier of fact could easily conclude that Petitioner intended to substantially interfere with the victim's liberty. Petitioner did much more than simply move the victim around the home to assault her. Rather, Petitioner followed the victim outside the home, grabbed her by the hair, shoved her against the wall, and began to choke her. When the victim told Petitioner she was going to the landlord's office to call the police, he told her she was not going to do so, he slammed her into the car, and he dragged her back into the apartment by her hair. Based on that evidence, a rational finder of fact could find that Petitioner not only intended to assault the victim, but

11 - OPINION AND ORDER -

that he intended to keep her from escaping to a place of safety and getting outside help. *See Niehus v. Premo*, Case No. 3:11-cv-00491-PK, 2013 WL 2423794, at *11 (D. Or. 2013) (evidence sufficient to meet intent element of kidnapping where the petitioner "did not merely move the victim from room-to-room, but seized her *outside* her apartment as she was trying to escape and yelling for help, dragged her approximately 30 feet back inside the apartment, and shut the door") (emphasis in original).

At trial, Petitioner moved for a judgment of acquittal on the Kidnapping charge, arguing that the evidence did not support a finding of sufficient intent as required by *Wolleat*. The trial judge denied the motion, and the jury found Petitioner guilty. On appeal, the Oregon Court of Appeals and the Oregon Supreme Court rejected Petitioner argument that the trial court erred in denying the motion for judgment of acquittal. Under the circumstances of the case, the state courts' decisions were not objectively unreasonable and were not contrary to or an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground One.

## B. Ineffective Assistance of Trial and Appellate Counsel - Ground Three (subparts A and E) and Ground Four

In Ground Three, subparts A and E, Petitioner alleges trial counsel provided ineffective assistance by failing to perform effectively with regard to plea negotiations and sentencing. In

12 - OPINION AND ORDER -

Ground Four, Petitioner asserts a single claim of ineffective assistance of appellate counsel, contending that counsel failed to assign as error on appeal the denial of Petitioner's motion for mistrial. These claims were fully exhausted in Petitioner's state PCR proceedings.

A claim of ineffective assistance of trial counsel requires the petitioner to prove that counsel performed deficiently and that the petitioner suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387 (1985).

If there is a failure of proof on either *Strickland* prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014). When reviewing a state prisoner's habeas claim of ineffective assistance, federal courts must apply a doubly deferential standard of review taking into account the strong presumption of competence under *Strickland*, and the deferential standard of review under 28 U.S.C. § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

To show counsel performed deficiently, a petitioner must establish that his counsel's representation fell outside the wide range of professionally competent assistance. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Strickland*, 466 U.S. at 688. In order to establish prejudice, a petitioner must demonstrate that there is

13 - OPINION AND ORDER -

a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Lafler*, 132 S. Ct. at 1384; *Harrington v. Richter*, 562 U.S. 86, 112 (2011). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694.

The state PCR trial court rejected Petitioner's claims of ineffective assistance of trial and appellate counsel as follows:

> No inadequacy or prej[udice] concerning att[orney] on appeal. Raised issues he felt were strongest. No inadeq[uacy] or prej[udice] by trial att[orney]-- no grounds for recusal made in judgment of appeal. Insufficient proof of ethnicity of jury or appeal. Knowing stipulation to departure factors -- no evidence that jury would not have found departure factors (18 priors, prior [domestic violence] felonies). [Court] findings agree. Court believes attorney discussed grid and departures and plea offers. Insufficient evidence that public, as opposed to witnesses, were denied access. Insufficient evidence that att[orney], court of DA made aware of concern.

Resp. Ex. 132, p. 1. These findings and conclusions are not objectively unreasonable, and the record supports them.

Petitioner contends trial counsel failed to advise him adequately regarding a potential plea agreement.[2] He alleges that when an initial plea offer was extended, counsel should have advised him that if he did not accept the offer the State could add

---

[2]The Court notes that this particular ineffective assistance claim was not presented to the Oregon Court of Appeals in Petitioner's state PCR proceeding; the only ineffective assistance of trial counsel claim advanced on appeal was the alleged failure associated with sentencing. Nonetheless, because Petitioner is not entitled to relief on the merits of this claim, the Court declines to address the procedural default issue. *See footnote 1, supra.*

additional serious charges and could seek an upward departure sentence based upon Petitioner's prior criminal history. In his Brief in Support, Petitioner argues counsel never gave this advice. Petitioner does not, however, point to any evidence in the record to support this assertion, and the Court could locate none.

To the contrary, Petitioner's trial counsel submitted a declaration in the PCR case explaining her advice to Petitioner regarding the plea negotiations:

> I had explained all aspects of the plea negotiations with him, including plea offers from the state. . . . Consistent with my general practice, I explained to him the presumptive sentences, as well as the maximum and minimum sentences he could receive for each charge. My general practice is to show my clients the Oregon Sentencing Guidelines Grid and identify their gridblock on the grid. While I cannot recall specifically, I don't believe I deviated from my general practice in showing the grid to [Petitioner]. *Over the number of conversations that I had with [Petitioner], it was clear that he was unwilling to consider any plea offer. He insisted upon a trial.*

Resp. Exh. 129, p. 2 (emphasis supplied). At the PCR evidentiary hearing, the trial judge asked Petitioner about his position on the plea negotiations:

COURT: Did you tell [counsel] that you were not going to accept any plea offer and that you insisted on a trial?

PETITIONER: No. At first -- at first, I told her we would go to trial. I had a first indictment and it had no Kidnap, 1. It had no -- it had only Assault, 4, and no tampering with a witness.

Resp. Exh. 131, pp. 20-21.

15 - OPINION AND ORDER -

No other evidence in the record supports Petitioner's claim that counsel failed to properly advise him in plea negotiations at the outset of the action; the declaration and amended declaration submitted by Petitioner in the state PCR proceeding are silent on the issue. In the absence of any such evidence, the PCR court decision denying relief on this claim was not unreasonable.

Petitioner also alleges counsel provided ineffective assistance in the plea negotiations pertaining to sentencing. Following entry of the guilty verdict, Petitioner signed a waiver of his rights under *Blakely v. Washington*, 542 U.S. 296 (2004) and admitted three bases for upward departures, thereby alleviating the State's burden to prove to the jury relevant facts to support the departures. In return, the State agreed not to seek departures based on several other factors.

In his written *Blakely* waiver, Petitioner agreed he was admitting to certain factors delineated in the State's "Notice of Intent to Rely on Enhancement Facts." Specifically, Petitioner admitted "persistent involvement," "prior sanctions have not deterred," and "demonstrated disregard for laws." Resp. Exh. 115, Addendum "A" to Plea Petition, and "Notice of Intent to Rely on Enhancement Facts").

In the PCR proceeding, trial counsel submitted an affidavit stating that she explained to Petitioner that the judge could increase his sentence based on his admissions to those aggravating

16 - OPINION AND ORDER -

factors. Resp. Exh. 129, pp. 1-2. In addition, prior to sentencing, the trial court engaged in a colloquy with Petitioner to ensure he understood the potential implications of his stipulation to the enhancement facts, which Petitioner indicated he understood. Resp. Exh. 103, Trial Tr., Vol. I, p. 204). Under these circumstances, Petitioner has not established that the PCR trial court's conclusion that trial counsel performed effectively with regard to the *Blakely* waiver was objectively unreasonable.

Moreover, the PCR trial court determined that, given Petitioner's extensive criminal history, there was "no evidence that [a] jury would not have found departure factors." Resp. Exh. 132, p. 1. The record indicated that prior to the offenses in this proceeding, Petitioner had approximately eighteen prior convictions, including three for inflicting corporal injury on a spouse or co-habitant as a misdemeanor, felony battery against a spouse, violation of a protective order to prevent domestic abuse, sexual battery, and a number of property and drug crimes. Resp. Exh. 104, Trial Tr., Vol. II, 4/5/06 Sentencing Hearing, pp. 3-4).

Given Petitioner's substantial criminal record, the PCR trial court reasonably concluded that, even if counsel had not recommended that Petitioner sign the *Blakely* waiver or had objected to the trial court's imposition of an upward departure sentence, Petitioner would not have received a lower sentence. Accordingly,

17 - OPINION AND ORDER -

the PCR trial court's decision denying relief on this claim was not contrary to or an unreasonable application of *Strickland*.

In Ground Four, Petitioner alleges one claim of ineffective assistance of appellate counsel, for failure to assign as error on appeal the denial of a motion for mistrial. At trial, the prosecutor was questioning on redirect a state's witness who was at the residence when the incident occurred. The prosecutor stated that Petitioner's trial counsel was "quibbling" with the witness about what Petitioner said to the witness after the incident. At that point, outside of the presence of the jury, counsel moved for a mistrial.

Counsel also argued that there had been a discovery violation, which provided additional grounds for a mistrial. The witness in question had not been interviewed by police or otherwise had his statements memorialized, and the prosecutor interviewed him prior to trial but apparently did not take notes of the interview or have an investigator present during the interview. The prosecutor did not disclose to the defense prior to trial the nature of the witness's statements or the fact that he had interviewed the witness.

The trial court found that the prosecutor's comment about trial counsel "quibbling" with the witness was no different than "saying that you were arguing with the witness, and you were arguing with the witness." Resp. Exh. 103, Trial Tr., Vol. I, p.

110). The court found that the comment did not rise "to the level of prosecutorial misconduct," or "to the level sufficient to cause a mistrial." *Id.* As to the alleged discovery violation, the court found that counsel was aware the witness would be testifying as his name had "been listed for at least three trial settings." *Id.* Moreover, the court found "[n]one of the testimony that [the witness] provided I would say is exculpatory to [Petitioner], and it in fact, is corroborating of the victim's testimony." *Id.*, p. 111. As such, the court denied the mistrial motion.

Had appellate counsel assigned error to the denial of a mistrial, the Oregon Court of Appeals would have reviewed the denial on direct appeal for abuse of discretion. *State v. Terry*, 333 Or. 163, 175, 37 P.3d 157 (2001). Under Oregon law, discretion "refers to the authority of a trial court to choose among several legally correct outcomes," and if the decision "was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Ringler*, 264 Or. App. 551, 553, 333 P.3d 1080 (internal citation and quotations omitted), *rev. denied*, 356 Or. 575, 342 P.3d 88 (2014).

In light of the record, as a whole, and the deferential standard of review that would have been applicable on appeal, the PCR trial court reasonably concluded appellate counsel was not ineffective for failing to assign error, or that Petitioner would

have more likely than not prevailed on his appeal had the issue
been raised.   Accordingly, Petitioner is not entitled to relief on
the inffective assistance of appellate counsel claim alleged in
Ground Four.

## II.  **Procedurally Defaulted Claims - Ground Two and Ground Five**

In Ground Two, Petitioner alleges the trial court violated his
constitutional rights by closing Petitioner's trial to the public.
In Ground Five, he asserts that he was denied his constitutional
right to a unanimous jury verdict.   As noted, Respondent contends
Petitioner procedurally defaulted these two claims.

Generally, a state prisoner must exhaust all available state
remedies either on direct appeal or through collateral procedings
before a federal court may consider granting habeas corpus relief.
28 U.S.C. § 2254(b)(1).   A state prisoner satisfies the exhaustion
requirement by "fairly presenting" his claim to the appropriate
state courts at all appellate states afforded under state law.
*Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Baldwin v. Reese*,
541 U.S. 27, 29 (2004).

If the petitioner's federal claim is not exhausted, and he can
no longer do so becuase of a state procedural bar, his claim is
procedurally defaulted.   *Cooper v. Neven*, 641 F.3d 322, 327-28 (9th
Cir.), *cert. denied*, 132 S.Ct. 558 (2011).   If a petitioner
procedurally defaults his available sate remedies, habeas relief is
precluded absent a showing of cause and prejudice, or that the

failure to consider the defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner did not raise at trial or on direct appeal his claim that the trial court violated his constitutional right to a public trial. In Oregon, claims of trial court error are most properly brought on direct appeal. *See Walker v. Howton*, Case No. 3:11-cv-00265-KI, 2013 WL 5787241, at *4 n.2 (D. Or. 2013) ("when a criminal defendant fails to raise an issue at trial that the defendant reasonably could have been expected to raise, the defendant cannot obtain post-conviction relief on that ground unless the defendant alleges and proves that the failure to raise the issue due to one (or more) of a few narrowly drawn exceptions") (citing *Palmer v. State of Oregon*, 318 Or. 352, 458, 867 P.2d 1368 (1994)). Petitioner fails to establish that the claim alleged in Ground Two falls within one of the narrowly drawn exceptions, and his failure to exhaust this claim through a direct appeal appears procedurally defaulted because the time to do so has now expired.

In any event, even if the error was one properly pursued in the state PCR proceedings, Petitioner procedurally defaulted the claim there as well. In his state PCR petition, Petitioner alleged both a trial error claim that he was denied his right to a public trial when the courtroom was closed to the public, and a claim that trial counsel was ineffective in failing to object to the court

21 - OPINION AND ORDER -

denying Petitioner's right to a public trial. Resp. Exh. 110, pp. 3, 5. On appeal from the PCR trial court's denial of relief, however, Petitioner argued *only* that trial counsel provided constitutionally ineffective assistance by failing to ensure that Petitioner received a public trial; Petitioner did not address his claim that the trial court erred in closing the trial to the public. Resp. Exh. 133. Because Petitioner did not fairly present the claim alleged in Ground Two at all appellate levels afforded in the PCR proceedings, and because he can no longer properly do so, the claim is procedurally defaulted.

As to Ground Five, Petitioner did not assert any claim in state court regarding the lack of a unanimous jury verdict. Because he can no longer properly present such a claim in state court, Ground Five is also procedurally defaulted.[3]

Petitioner does not present any evidence establishing cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default of the claims alleged in Ground Two or Ground Five. Accordingly, Petitioner is not entitled to habeas corpus relief on these claims.

---

[3]In any event, Oregon's system of allowing convictions by non-unanimous juries was upheld by the Supreme Court in *Apodaca v. Oregon*, 406 U.S. 404, 406 (1972).

22 - OPINION AND ORDER -

## III. Claims Not Addressed by Petitioner - Ground Three (subparts B, C, and D)

Finally, Petitioner does not address the remaining claims of ineffective assistance of trial counsel alleged in Ground Three. Accordingly, Petitioner has failed to sustain his burden of demonstrating why he is entitled to relief on his unargued claims. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (habeas petitioner bears the burden of proving his case), *cert. denied*, 135 S.Ct. 879 (2015); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same). Nevertheless, the Court has reviewed Petitioner's unargued claims on the existing record and finds that Petitioner is not entitled to habeas corpus relief.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1), and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 13th day of February, 2017.

_____
ANNA J. BROWN
United States District Judge

23 - OPINION AND ORDER -